12-1622-cv
Matthews v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of November, two thousand twelve.

PRESENT:   REENA RAGGI,
                    PETER W. HALL,
                    SUSAN L. CARNEY,
                              *Circuit Judges*.

------------------------------------------------------------------------

CRAIG MATTHEWS,

                    *Plaintiff-Appellant*,

              v.                                                            No.  12-1622-cv

CITY OF NEW YORK, RAYMOND KELLY, as Commissioner of the New York City Police Department, JON BLOCH, a deputy inspector in the New York City Police Department, MARK SEDRAN, a lieutenant in the New York City Police Department,

                    *Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:      CHRISTOPHER DUNN (Arthur Eisenberg, *on the brief*), New York Civil Liberties Union Foundation, New York, New York.

APPEARING FOR APPELLEES:     MARTA B. ROSS, (William S.J. Fraenkel, Edward F.X. Hart, *on the brief*), Assistant Corporation Counsel, *for* Michael Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 23, 2012, is VACATED and the case is REMANDED.

Plaintiff Craig Matthews, a New York City police officer, appeals from dismissal of his First Amendment retaliation claims against his employer, the City of New York, and individual supervisors. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). To survive a motion to dismiss, however, the complaint must state a claim to relief that is plausible on its face, which requires the plaintiff to plead facts permitting "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate.

"To state a First Amendment retaliation claim, a plaintiff must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 272 (2d Cir. 2011). Where the plaintiff is a public employee, his ability to sue for such First Amendment retaliation further requires that he have spoken "as a citizen addressing matters of public concern." Garcetti v. Ceballos, 547 U.S. 410, 417 (2006). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." Id. at 421.

Matthews contends that the district court erred in concluding as a matter of law that his speech to precinct commanding officers about the quota system imposed on him and other officers by direct supervisors was pursuant to official duties and therefore not protected by the First Amendment against retaliation. Matthews alleges that he told his commanding officer on multiple occasions in 2009 that a quota system existed. Matthews further alleges that, in 2011, he told a new commanding officer not only that a quota system existed, but also that it "was causing unjustified stops, arrests, and summonses because police officers felt forced to abandon their discretion in order to meet their numbers." Compl. ¶ 28. He also told the commanding officer that "the quota system was having an adverse effect on the precinct's relationship with the community." Id.

3

Accepting Matthews's allegations as true, it is undisputed that his speech addressed a matter of public concern. See Jackler v. Byrne, 658 F.3d 225, 236–37 (2d Cir. 2011) (holding that speech pertaining to police misconduct is a matter of public concern). That conclusion is only reinforced by the fact that, by 2011, the quota system he alleged existed violated New York law. See N.Y. Labor Law § 215-a (McKinney 2012) (effective Aug. 30, 2010). The record in this case is not yet sufficiently developed, however, to determine as a matter of law whether Officer Matthews spoke pursuant to his official duties when he voiced the complaints made here in the manner in which he voiced them. See Garcetti v. Ceballos, 547 U.S. at 424–26 (distinguishing between giving employees an internal forum for their speech and making certain speech a duty of employment). As we have recently observed, "whether a public employee  is speaking pursuant to h[is] official duties is not susceptible to a brightline rule." Ross v. Breslin, 693 F.3d 300, 306 (2d Cir. 2012). The matter may require some inquiry into "the nature of the plaintiff's job responsibilities, the nature of the speech, and the relationship between the two." Id. Here, some discovery as to these matters is necessary before it can be decided whether Matthews can or cannot pursue a First Amendment retaliation claim in this case.

Accordingly, the judgment of the district court is VACATED and the case REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4